1  **Foley & Lardner LLP**
   555 South Flower Street, Suite 3500
2  Los Angeles, California 90071-2300
   Telephone: 213.972.4500
3  Facsimile: 213.486.0065

   CHRISTOPHER J. HECK, BAR NO. 174647
4  CHECK@FOLEY.COM

   **OF COUNSEL**
5  BRIAN W. MCGRATH
   KELLI A. TAFFORA
   **FOLEY & LARDNER LLP**
6  777 EAST WISCONSIN AVENUE
   MILWAUKEE, WI 53202-5306
   TELEPHONE:   414.271.2400
7  FACSIMILE:   414.297-4900
   BMCGRATH@FOLEY.COM
8  KTAFFORA@FOLEY.COM

   ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES

| | |
|---|---|
| WATER, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EVERPURE, INC., EVERPURE, LLC, and PENTAIR, INC.,<br><br>Defendants. | Case No: CV 08-00218 JSL (SSx)<br><br>**DECLARATION OF MICHAEL MADSEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER**<br><br>[FRCP Rule 12(b)(3); 28 U.S.C. § 1406(a)]<br><br>[Moving Papers Filed and Served Concurrently]<br><br>Date:   June 9, 2008<br>Time:   1:00 p.m.<br>Courtroom:   4<br><br>Judge:   Hon. J. Spencer Letts |

1.  I am Michael Madsen, the Vice President of Sales and Marketing for Pentair, Inc. and Everpure LLC. I have personal knowledge of the facts set forth herein, and if called as a witness, could and would competently testify thereto.

2.  I am filing this declaration in support of defendants' motion to dismiss or alternatively, to transfer.

3.  Attached hereto as Exhibit A is a true and correct copy of a notice of breach and termination that Everpure sent to Water on October 31, 2007.

4.  Everpure has not terminated the Distribution Agreement with Water. Everpure

rescinded its notice on or about January 15, 2008.

5. Attached hereto as Exhibit B is a true and correct copy of a January 16, 2008 letter from Water's attorney wherein it was acknowledged that Everpure rescinded its notice of termination.

6. Water purchased $2,794,471 worth of products from Everpure in 2007 and $2,419,944 in 2006.

7. Water was represented by counsel when the Agreement was executed.

8. Water does not distribute Everpure's products under a marketing plan or system prescribed in substantial part by Everpure.

9. Water was never required to pay any type of a franchise fee.

10. The vast majority of Water's advertising expenses are paid for by Water and such advertising is not subject to approval by Everpure.

11. Everpure has no involvement whatsoever with Water's pricing decisions.

12. Water may sell to any customer within the Authorized Channels of Distribution in Schedule "A" of the Agreement. In making sales, Water does not have to follow any type of sales script.

13. Water is allowed royalty-free use of Everpure's trademarks.

14. Everpure's executive offices are located in Hanover Park, Illinois.

///

///

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _16_ day of May, 2008 at Hanover Park, IL

MICHAEL MADSEN

MILW_6613395.2

DECLARATION OF MICHAEL MADSEN IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS OR TRANSFER -CV 08-00218 JSL

Everpure, LLC.
1040 Muirfield Drive
Hanover Park, IL 60133
630 307 3000 Tel
630 307 3030 Fax

VIA UPS OVERNIGHT DELIVERY

October 31, 2007



Mr. Major Avignon
President
Water, Inc.
1044 E. Del Amo Blvd.
Carson, CA 90746

RE: Termination of Select Master Distributor Agreement dated July 1, 1996

Dear Major:

Over the past several years, we've engaged in numerous meetings and discussions regarding our business plans and requirements for the high-end residential market. A key element of our plans, and a focus of past discussions between you and members of the Everpure team (specifically Dick Suda, Dave Lenio and Eleni Yianas), is the expansion of our Everpure product portfolio.

Support for our product initiatives is critical to our growth strategy and, therefore, is part of our contractual requirements for our distributors. Unfortunately, we seem unable to find a path that is consistent with our contractual requirements that will satisfy both of our business models.

Thus, this letter serves as notice of the termination of Water, Inc.'s, Select Master Distributor Agreement, dated July 1, 1996 (the "Agreement"), with Everpure, LLC ("Everpure") for failure of Water, Inc. to substantially comply with essential and reasonable requirements imposed by the Agreement by, among other things:

- Violating section 5.2 of the Agreement by not purchasing all of Water, Inc.'s requirements for water treatment products from Everpure.

- Violating section 5.3 of the Agreement by engaging in business activities that conflict or interfere with the supply or service of Everpure products and by having an interest in and selling water filtration products that are competitive or substantially similar to products manufactured by Everpure.

- Violating Section 5.5 of the Agreement by not operating in compliance with all applicable laws and by failing to conform its sale and service practices to the highest standards of honesty, integrity and fair dealing.

Continued . . .

Exhibit A; Page 3

Mr. Major Avignon  
Water, Inc.  

October 31, 2007  
Page 2 of 2  

- Violating sections 5.8 and 6 of the Agreement and the Everpure Brand Logo Guidelines by not respecting the validity and ownership by Everpure of the registered trademarks of Everpure.

- Violating Section 9.1(b)(2) of the Agreement by engaging in conduct that is likely to deceive the public as to the source, nature or quality of products or services offered by Water, Inc. or that is likely to impair the name, trademark or reputation of Everpure.

Pursuant to Section 9.1(c)(2) of the Agreement, Water, Inc. has 30 days to attempt to cure its breaches of Sections 5.2, 5.3, 5.5, 5.8, and 6 of the Agreement. However, Water, Inc. has no right to attempt to cure its breach of Section 9.1(b)(2) of the Agreement.

The termination of the Agreement shall be effective as of January 1, 2008, as of which date Water, Inc. must comply with Section 9.2 of the Agreement and return all confidential materials to Everpure and no longer represent itself as an Everpure distributor in the marketplace.

I believe there are a number of options to explore to continue our business relationship. I have instructed Dick Suda to immediately engage in discussions with you to ascertain whether and how Water, Inc. can cure its various breaches of the Agreement and whether there is any way for us to resolve these matters and continue our relationship in some or all of Water, Inc.'s current territories. I would ask that you notify me, prior to November 15, 2007, if you desire to discuss plans for a cure. Should I not hear from you, I will instruct our team to move forward with Agreement termination plans.

If this termination is completed, we would like to make the transition as smooth as possible. To that end, if you have inventory that you would like us to consider repurchasing, please forward to me a list detailing such inventory and its location by November 30, 2007, for consideration. If there are any other transition issues you believe we need to address, please let me know. I thank you in advance for your cooperation in this matter.

Sincerely,

Michael Madsen  
Vice President, Sales and Marketing  
Pentair, Inc./Everpure, LLC  

cc:  David Lenio  
     Dick Suda  
     Ted Herzog

01/16/2008  14:06   8187359992                LAW OFFICE                              PAGE 02

LAW OFFICES
# CHRISTOPHER ROLIN
5707 CORSA AVENUE,
SUITE 108

(818) 707-7065
(818) 735-9992 FAX
CROLIN@CHRISROLIN.COM

WESTLAKE VILLAGE, CALIFORNIA 91362

January 16, 2008

Michael Madsen, VP Sale and Marketing
PENTAIR, INC./EVERPURE            VIA FAX (630) 307-3030

Re:   Pentair/Everpure - Master Distributor Agreement

Dear Mr. Madsen:

This letter follows my prior correspondence of November 12, 2007 and December 26, 2007.

Your response through Dick Suda rescinding the Termination Letter was received yesterday, January 15, 2008. The delayed response resulted in our filing an action in the Federal Court to protect Water's business interests.

Prior to the parties engaging in a protracted legal battle, I renew the suggestion made in my initial letter of November 12, 2007, that you and Mr. Avignon and perhaps, Mr. Suda, go forward with your scheduled meeting on January 23, 2008, to see if there is a basis for the continuance of the long standing Manufacturer Master Distributorship relationship. Litigation should only result if there has been a complete breakdown in the communication between the parties.

Hopefully as business people you will be able to come to a resolution, which is acceptable to both sides. I look forward to an early response.

Very truly yours,

*Chris Rolin*

CHRISTOPHER ROLIN

CR:kb
cc: Water, Inc.


Water/Everpure

Exhibit B; Page 5